UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HUMPHRIES,

     Plaintiff,

v.                            Case No.:  2:20-cv-994-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## <u>OPINION AND ORDER</u>

Plaintiff Robert Humphries seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on August 16, 2018, and for supplemental security income benefits on August 22, 2018, alleging disability beginning August 6, 2018. (Tr. 86, 87, 200-11). The applications were denied initially and on reconsideration. (Tr. 86, 87, 118, 119). Plaintiff requested a hearing and on April 16, 2020, a hearing was held before Administrative Law Judge Mario G. Silva ("ALJ"). (Tr. 32-61). On May 8, 2020, the ALJ entered a decision finding Plaintiff not under a disability from August 6, 2018, through the date of the decision. (Tr. 10-19).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 9, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 21, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 6, 2018, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "arrhythmia with

dyspnea, hypertension, and mitral regurgitation." (Tr. 13). At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that

meets or medically equals the severity of any of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526,

416.920(d), 416.925, and 416.926). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual functional
> capacity to perform sedentary work as defined in 20 [C.F.R.
> §§] 404.1567(a) and 416.967(a) except that the claimant can
> never climb ladders, ropes, or scaffolds and can occasionally
> climb ramps and stairs. He can frequently balance and can
> occasionally stoop, kneel, crouch, and crawl. The claimant can
> have no exposure to extreme cold and/or heat, and wetness or
> humidity. He is limited to no more than occasional exposure to
> mild levels of environmental irritants such as fumes, odors, or
> gases. The claimant can have no exposure to unprotected
> mechanical parts, to sharp tools and knives, and to unprotected
> heights.

(Tr. 13-14).

The ALJ found Plaintiff was capable of performing his past relevant work as

a customer service representative and a customer complaint service supervisor. (Tr.

18). The ALJ determined that this work does not require the performance of work-

related activities precluded by Plaintiff's RFC. (Tr. 18). The ALJ concluded that

Plaintiff had not been under a disability from August 6, 2018, through the date of

the decision. (Tr. 18).

## II.    Analysis

On appeal, Plaintiff raised four issues: (1) whether Physician Assistant Patel's opinion was properly considered; (2) whether the RFC finding is supported by substantial evidence; (3) whether Plaintiff's subjective allegations were properly considered; and (4) whether Plaintiff's cardiac impairment was properly considered in determining he could perform his past relevant work. Two of the issues – consideration of PA Patel's opinion and consideration of Plaintiff's subjective allegations – have arguments in common. The Court will address these two issues first and then the remaining issues.

### A.    Whether the ALJ Properly Considered PA Patel's Opinion

Plaintiff argues that the ALJ did not indicate the persuasiveness of Physician Assistant Vandana Patel's opinion. (Doc. 33, p. 18). Although the ALJ discussed PA Patel's opinion and found it in conflict with other evidence, Plaintiff argues the ALJ did not comply with the regulations when he did not determine how persuasive her opinion was. (Doc. 33, p. 19). The Commissioner argues that even though the ALJ did not include a specific finding on how persuasive he found PA Patel's opinion, any error was harmless. (Doc. 33, p. 27). The Commissioner contends that the ALJ considered the limitations PA Patel found and concluded they were accounted for in the RFC's limitation to a reduced range of sedentary work. (Doc. 33, p. 27).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(2); 20 C.F.R. 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

PA Patel worked for William Richardson, D.O., Plaintiff's treating cardiologist. (*See e.g.*, Tr. 529). Beginning in August 2018 and just after a

hospitalization, PA Patel began treating Plaintiff for cardiac issues. (Tr. 513-16). She continued to treat Plaintiff through at least November 2019. (Tr. 545-48). On February 22, 2019, PA Patel completed a Medical Source Cardiac Questionnaire from the Social Security Administration. (Tr. 539-41). In the Questionnaire, PA Patel noted that Plaintiff had atrial fibrillation and moderate mitral regurgitation. (Tr. 539). PA Patel determined that because of Plaintiff's cardiac condition, he would have limitations in standing, walking, sitting, lifting, carrying, ability to maintain a normal pace, and ability to sustain physical activities. (Tr. 540). In support of the limitations, PA Patel explained that Plaintiff has arrhythmia, and weakness at rest and with mild exertion. (Tr. 540).[1] PA Patel also found Plaintiff had palpitations, shortness of breath, chest pain, fatigue, and weakness. (Tr. 509, 540). PA Patel further found Plaintiff experienced atypical angina, angina equivalent (Dyspnea, SOB (shortness of breath)), severe fatigue, and palpitations. (Tr. 540).

While the ALJ did not make a specific persuasiveness finding in the decision, he discussed PA Patel's opinion as follows:

> Dr. Richardson's physician's assistant, Vandana Patel, completed a questionnaire regarding the claimant's limitations in February 2019. (Exhibit 10F). While Ms. Patel stated that the claimant has limitations in standing, walking, sitting, lifting, carrying, and in his ability to maintain a normal pace/sustain physical activities, she gave no specifics as to the claimant's residual functional capacity. Ms. Patel also checked off boxes indicating that the claimant has atypical angina,

---

[1] PA Patel's handwriting is not completely legible. (Tr. 540). Thus, the Court interpreted her handwriting to the best of its ability.

angina equivalent, severe fatigue, and palpitations. The undersigned notes that the claimant did not complain of fatigue on hospitalization and, while he has had some complaint of fatigue on exam, he has reported being able to walk his dog multiple times per day. The claimant's activities of daily living are also inconsistent with complaints of severe fatigue. Ms. Patel noted that the claimant's August 2018 stress test was negative for ischemia and showed normal myocardial perfusion and that the claimant's LVEF was 74%, well above normal range. The undersigned notes that this assessment is vague and overly broad. To the extent that it contains an opinion placing limitations on the claimant's exertional activities, the undersigned notes that the claimant's current residual functional capacity is a reduced range of sedentary work.

(Tr. 17).

The Commissioner argues that even though the ALJ did not make a direct statement on the persuasiveness of PA Patel's opinion, the error is harmless because in the context of the case, the ALJ considered the supportability and consistency of PA Patel's opinion. (Doc. 33, p. 27). The Commissioner claims that PA Patel's opinion is unsupported by evidence and inconsistent with Plaintiff's daily activities and lack of complaints. (Doc. 33, p. 27).

The revised regulations require the ALJ to articulate how persuasive he finds all the medical opinions of record and must specifically articulate how he considered the supportability and consistency factors for a medical source's opinion. 20 C.F.R. § 404.1520c(b); 20 C.F.R. 416.920c(b); *see also Bonilla v. Saul*, No. 19-25323-cv, 2020 WL 9048787, at *5 (S.D. Fla. Oct. 23, 2020), *report and recommendation adopted*, No. 19-cv-25323, 2021 WL 1198296 (S.D. Fla. Mar. 30, 2021). "In other

words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation." *Carson v. Comm'r of Soc. Sec.*, No. 6:21-cv-20-DCI, 2022 WL 294719, at *2 (M.D. Fla. Feb. 1, 2022). There is no dispute that the ALJ did not articulate a persuasiveness finding for Dr. Patel's opinion. Nonetheless, the Court will examine whether the ALJ considered if this opinion was supported by PA Patel's treatment notes and consistent with the evidence of record.

For supportability, an ALJ must consider the objective medical evidence and supporting explanations presented by a medical source. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2). Here, the ALJ did not acknowledge that PA Patel treated Plaintiff during the relevant period. Indeed, earlier in the opinion, the ALJ found that Plaintiff did not have a primary care physician and did not follow up with Dr. Richardson from December 2018 to November 2019, basically ignoring PA Patel's treatment notes during this period. (Tr. 17) The ALJ noted that "[a]dditionally, the claimant's lack of medical care for almost one year undermines his allegations." (Tr. 17). But during this one-year period, PA Patel treated Plaintiff in December 2018, and February,[2] May, August, and November 2019. (Tr. 529-33,

---

[2] PA Patel refers to an examination on February 22, 2019, in the Medical Source Cardiac Questionnaire, but the treatment notes for this visit are not a part of the record. (Tr. 539).

539, 545-58). Within these treatment notes, Plaintiff repeated complained of shortness of breath, fatigue and weakness on exertion, and chest discomfort or pain. (Tr. 509, 513, 529, 545, 549, 551). PA Patel explained throughout these treatment notes that Plaintiff suffered from paroxysmal atrial fibrillation with rapid ventricular rate response that occurs atypically, and these attacks cause dyspnea, fatigue, and chest pain. (Tr. 509, 513, 529, 545). PA Patel's treatment notes support her opinion that Plaintiff has limitations and suffers from severe fatigue. By not including a persuasiveness finding coupled with no discussion of whether PA Patel's treatment notes support her findings, the Court finds the ALJ did not satisfy 20 C.F.R. § 1520c and 20 C.F.R. § 416.920c.

When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and non-medical sources, the more persuasive it is. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2). The ALJ found PA Patel's opinion that Plaintiff suffers from severe fatigue to be inconsistent with his hospitalization because he did not complain of fatigue and inconsistent with his report of being able to walk his dog multiple times per day. (Tr. 17). And without specifying any activities other than walking a dog multiple times per day, the ALJ also found that Plaintiff's activities of daily living were inconsistent with complaints of severe fatigue. (Tr. 17). While true, the hospital records include no complaint for fatigue, Plaintiff's other medical records and specifically PA Patel's treatment notes

contain multiple instances when Plaintiff complained of fatigue. (Tr. 509, 513, 529, 545, 549). Though Plaintiff does walk his dog, Plaintiff testified he has good days and bad days. (Tr. 50).[3] He also testified that he has an older dog who "doesn't like to walk that much, but it's just sometimes like maybe 100 yards or so. And then sometimes like walk round the entire block, which is almost a mile. It just depends on my energy level." (Tr. 50). And in the treatment notes, Plaintiff complained that at times he is unable to exert himself for more than a few 100 feet. (Tr. 545, 549).

While the Court must not reweigh the evidence, the decision must be supported by substantial evidence such that a reasonable person would accept it as adequate to support the ALJ's conclusion. *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). Here, it is unclear whether the ALJ considered PA Patel's treatment notes to determine whether they supported and were consistent with PA Patel's opinion and the other evidence of record, especially given the ALJ's statement that Plaintiff lacked medical care for almost one year, which was during the time PA Patel treated Plaintiff. For these reasons as well as the lack of a specific persuasiveness finding for PA Patel's opinion, the Court finds the ALJ did not properly evaluate PA Patel's opinion under the revised regulations and remand is warranted.

---

[3] The ALJ did mention that Plaintiff testified to having good and bad days, but never explained why he discounted it. (Tr. 14).

**B.     Whether Plaintiff's Subjective Allegations Were Properly Considered**

Plaintiff argues that the ALJ's findings concerning Plaintiff's subjective complaints were based on significant mistakes of fact and failure to consider relevant evidence. (Doc. 33, p. 39). The Commissioner responds that the ALJ supported his subjective-complaint findings and if the ALJ erred, the error was harmless. (Doc. 33, p. 48-49-53).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and

(7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ must consider these factors given all of the evidence of record. *Ross*, 794 F. App'x 867. And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ made the following findings as to Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

- 16 -

(Tr. 15). And later in the decision, the ALJ explained this finding:

> In sum, in light of the claimant's history of arrhythmia, shortness of breath, hypertension, and mitral regurgitation, the undersigned has limited the claimant to sedentary work with the limitations set forth above. Although the claimant does not have a severe pulmonary impairment, the undersigned has included pulmonary and hazard restrictions to avoid exacerbation of the claimant's symptoms. However, due to the aforementioned inconsistencies, particularly the relatively benign physical examinations, the inconsistency of the claimant's reports, his treatment noncompliance, and the extent of his daily activities, the undersigned cannot find the claimant's allegation that he is incapable of all work activity to be consistent with the medical evidence of record as a whole.

(Tr. 18).

Plaintiff argues that the ALJ mischaracterized some of the evidence and attacks the decision on the following findings: (1) noncompliance; (2) relatively benign examinations; and (3) daily activities and inconsistent statements. (Doc. 33, p. 40-42). Plaintiff begins with the ALJ's finding of noncompliance with treatment and raises some of the same arguments as in the first issue regarding the persuasiveness of PA Patel's opinion. Plaintiff again cites the ALJ's statements that Plaintiff did not have a primary care physician "and did not follow up with Dr. Richardson [from a December 2018] until November 8, 2019." (Doc. 33, p. 40; Tr. p. 17). And also cites the ALJ's statement that, "[a]dditionally, the claimant's lack of medical care for almost one year undermines his allegations." (Tr. 17). As stated above, PA Patel treated Plaintiff many times throughout this alleged year of non-treatment. (Tr. 529-33, 539, 545-58). These mischaracterizations of Plaintiff's

treatment by Dr. Richardson and PA Patel arguably undermine the ALJ's assessment of Plaintiff's subjective allegations. From this mischaracterization, the Court cannot conclude that the ALJ considered the medical records as a whole when assessing Plaintiff's subjective allegations. For these same reasons, the ALJ's finding of relatively benign physical examinations was not based on a review of the medical records as a whole, specifically those of PA Patel. (*See* Tr. 509, 513, 529, 545). Thus, the Court reaches the same conclusion that the ALJ failed to consider all of the medical records when considering Plaintiff's subjective complaints.

Plaintiff next argues that the ALJ did not specify which activities of daily living conflict with complaints of severe fatigue apart from Plaintiff being able to walk his dog multiple times per day. (Doc. 33, p. 44). As explained in the prior section as to the consideration of PA Patel's opinion, the ALJ failed to take into account Plaintiff's testimony that he has good and bad days, and on good days he could walk a mile and on the bad days he could walk maybe 100 yards. (Tr. 50). And again it is unclear from the decision whether the ALJ properly considered PA Patel's treatment notes that contain many references to fatigue.

For these reasons, the Court cannot determine from the decision whether the ALJ considered the medical records as a whole when assessing Plaintiff's subjective allegations and finds a reasonable person would not accept the ALJ's reasons as adequate support for the conclusions reached. Thus, remand is warranted on this

issue. On remand, the Commissioner may also consider whether Plaintiff's financial limitations affected his ability to receive treatment.

### C.      Whether the RFC is Supported by Substantial Evidence

Plaintiff argues that the ALJ erred by relying on a lay interpretation of the evidence relating to Plaintiff's cardiac impairments after effectively rejecting, either explicitly or implicitly, all of the medical source statements. (Doc. 33, p. 31). Plaintiff acknowledges that it is the ALJ's job to determine the RFC but argues that the ALJ must link the RFC assessment to specific evidence in the record and the ALJ failed to do that here. (Doc. 33, p. 32-33). By implicitly rejecting PA Patel's opinion and finding the DDS opinions partially persuasive, Plaintiff claims the ALJ failed to include a rational for the RFC finding. (Doc. 33, p. 33).

The Commissioner contends that the ALJ need not base the RFC determination on a medical opinion. (Doc. 33, p. 33). The Commissioner claims the task to determine the RFC rests with the ALJ and not a medical doctor. (Doc. 33, p. 35). And the Commissioner argues the ALJ here properly determined the RFC.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635,

637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, because a Social Security disability adjudication is an inquisitorial proceeding, "ALJs do not simply act as umpires calling balls and strikes." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "They are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*. At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).

While the ALJ was not required to rely on a medical opinion, the ALJ must consider all of the material medical records when forming the RFC. As set out above, the Court cannot determine whether the ALJ properly considered PA Patel's opinion and treatment records and is therefore remanding this action. Given that consideration of PA Patel's treatment records and opinion will impact the RFC determination, the Court will also require the Commissioner to reconsider the RFC determination on remand.

D.    **Whether Plaintiff Is Capable of Performing His Past Relevant Work**

Plaintiff argues the ALJ erred in not complying with SSR 82-62 when finding Plaintiff could return to his past relevant work as a customer service representative and customer complaint service supervisor. (Doc. 33, p. 60). The Commissioner contends that the ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work when finding he was able to perform these jobs. (Doc. 33, p. 66).

Past relevant work is defined as work that a claimant had done within the past 15 years, that was substantial gainful activity, and lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1). To determine past relevant work, the ALJ will ask a claimant for information about the work he did in the past. 20 C.F.R. § 404.1560(b)(2); 20 C.F.R. § 416.960(b)(2). A claimant is the primary source for vocational documentation, and statements by a claimant regarding past work as he actually performed it are "generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62, 1982 WL 31386, at *3; *see also Dukes v. Saul*, No. 8:18-cv-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020) ("In determining whether a claimant can perform past relevant work as actually performed, the ALJ may rely on the claimant's testimony. *Dukes*, 2020 WL 755393, at *4 (citing 20 C.F.R. § 404.1560(b)(2))). An ALJ is required to consider:

> (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62, 1982 WL 31386, at *3. Plaintiff specifically references the following provision of SSR 82-62: "Persons with physical impairments (e.g., cardiovascular or gastrointestinal disorders) may have performed stressful tasks. This may also require a decision as to whether the impairment is compatible with the performance of such work." SSR 82-62, 1982 WL 31386, at *3.

Cases cited by Plaintiff address this very issue. In *Caponi v. Astrue*, the plaintiff sought review of the final decision of the Commissioner denying his claim for disability insurance benefits. No. 2:08-cv-182-DNF, 2009 WL 591433, at *1 (M.D. Fla. Mar. 6, 2009). This Court reversed the decision of the Commissioner and awarded benefits in part because of the ALJ's failure to comply with SSR 82-62. *Id.* at *7. Importantly, the Court noted that the ALJ's decision included no discussion of the mental demands of the plaintiff's past relevant work and a medical source specifically opined that Plaintiff's symptoms would increase if he were placed in a competitive work environment and could not perform even low stress jobs. *Id.*

In *Harrison v. Berryhill*, the plaintiff also sought review of the Commissioner's decision. No. 16-cv-81492, 2018 WL 1466088, at *1 (S.D. Fla.

Feb. 12, 2018). The court reversed and remanded the action to the Commissioner because when finding the plaintiff could perform his past relevant work, the ALJ failed to reconcile the plaintiff's high stress past relevant work and his cardiac condition as provided in SSR 82-62. *Id.* at *6-7. The ALJ was aware of the high stress nature of the plaintiff's past relevant work through the plaintiff's testimony about his work as a commodities trader and broker and how fast moving the job was and that the stress was too much for him to handle. *Id.* at *7. Further, the vocational expert testified that the plaintiff's past relevant work included extremely high stress jobs. *Id.*

Both cases are distinguishable from the case here. SSR 82-86 provides that when a claimant "may have performed stressful tasks" in his past relevant work, the ALJ may be required to consider whether a cardiac impairment is compatible with past relevant work that contains stressful tasks. SSR 82-62, 1982 WL 31386, at *3. In this case, Plaintiff fails to cite any evidence of record to show that Plaintiff performed stressful tasks as a customer service representative or a customer complaint service supervisor. Plaintiff merely assumes that the job duties for these positions "are likely to be deemed stressful" and because the job title and job description include the word "complaint," "this is a job with high likelihood for stress." (Doc. 33, p. 61). And the managerial job "has even more potential for conflict and dealing with irate customers" and therefore must be stressful. (Doc. 33,

p. 62). Mere supposition alone cannot establish a finding of error. While the Court finds no error, because this action is remanded on other grounds that may affect whether Plaintiff is capable of performing his past relevant work, the Court will require the Commissioner to reconsider whether Plaintiff is capable of performing his past relevant work.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical evidence of record, Plaintiff's subjective allegations, Plaintiff's RFC, and whether Plaintiff is capable of performing his past relevant work. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 21, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties