UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HUMPHRIES,

    Plaintiff,

v.                                                                Case No.:  2:20-cv-994-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

This cause is before the Court on Plaintiff Robert Humphries' Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 36) filed on June 21, 2022. The Commissioner has no objection to the relief requested. (Doc. 36, p. 2). Plaintiff requests that the Court enter an order awarding attorney fees in the amount of $8,656.04, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the Court finds that Plaintiff's request is due to be **GRANTED**.

In order for Plaintiff to receive an award of fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-

tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met. Therefore, all of the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel spent a total of 40 hours in EAJA related representation of Plaintiff before this Court. (Doc. 36, p. 11-14). After reviewing the description of services provided, the Court determines that 40 hours is reasonable in this case.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates

must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting hourly rates of $207.35 for the year 2020, and $212.51 for the year 2021, and $226.34 for the year 2022 for counsel in this case. (Doc. 36, p. 7-8, 14). The Court finds that these rates are reasonable. Accordingly, the Court will award Plaintiff's attorney fees totaling $8,656.04.

Plaintiff filed an agreement to hire law firm that provides: "[i]f a court awards [Plaintiff] fees under the Equal Access to Justice Act, [Plaintiff] assign[s] them to [counsel], agree[s] they can be paid directly to [counsel], and authorize[s] [counsel] to endorse [Plaintiff's] name on checks paying them." (Doc. 36, p. 15). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff. The parties also agreed that even if this assignment of EAJA fees does not strictly comply with 31 U.S.C. § 3127, the Commissioner is satisfied that the assignment validates her obligations to another and provides the Commissioner with acceptable protections contemplated under 31 U.S.C. § 3727. (Doc. 36, p. 9).

Accordingly, it is hereby **ORDERED**:

(1)   Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 36) is **GRANTED**.

(2) Attorney fees totaling $8,656.04 are awarded to Plaintiff. The attorney fees may be paid directly to Plaintiff's counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(3) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties